■ In the Matter of COCCA's, INC., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Doran, J.), entered June 1, 1981 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Liquor Authority denying petitioner's application for a restaurant liquor license. Prior to July 2, 1979, Frank Cocca was the owner and operator of a diner in Watervliet, New York, known as "Cocca's Inc.". In an affidavit, he states that on the above date he delivered his stock interest in the corporation to his son, Francis, and since that time he has exercised no control over the business, received no wages, salary or profits from the corporation and that he has no agreement or other commitment with his son as to the operation of the business. There is no evidence in the record that a gift tax was paid on the above transaction. Frank Cocca had been denied a restaurant liquor license for the said premises on a prior occasion because of his conviction for gambling, bookmaking and policy operation. In addition, a liquor license for premises located at Ballston Lake had not been renewed because he was not a fit and proper person to hold such a license. Special Term determined that the record did not support a finding that Frank still had an interest in the business, that there was no police record involving the operation of the diner itself since 1965, and that it "is solely the reputation and record of the father and not that of the diner itself which has caused a denial of the license". The State Liquor Authority, in denying the application, found as follows: "The present application revealed that the sole stockholder is now Francis R. Cocca, son of the previous sole stockholder, Frank J. Cocca. The son has made no investment in the premises and obtained the stock in the corporation as a gift from his father. The Authority has considered this application in the light of the aforementioned facts and circumstances and the Authority is not satisfied that the corporate applicant and its sole stockholder are the sole and exclusive parties in interest in this application and in the premises. The Authority in the exercise of its considered discretion, finds and determines that approval of this application would not be conducive to proper regulation and control; that such approval would tend to create a substantial degree of risk in the administration and enforcement of

the Alcoholic Beverage Control Law and that accordingly, public convenience and advantage would not be promoted by such approval." As noted, the State Liquor Authority stated that it was exercising its considered discretion which this court finds to be a reasonable exercise thereof and not in violation of any of the rights of petitioner. Accordingly, the denial of the license was not arbitrary, capricious or an abuse of discretion. Judgment reversed, on the law, with costs, determination confirmed, and petition dismissed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.